**COX, WOOTTON, LERNER,
GRIFFIN & HANSEN, LLP**
Neil S. Lerner (SBN 134031)
Arthur A. Severance (SBN 246691)
12011 San Vicente Blvd., Suite 600
Los Angeles, CA 90049
Telephone: (310) 440-0020
Facsimile: (310) 440-0015
Email: nsl@cwlfirm.com
         aseverance@cwlfirm.com

Attorneys for Plaintiff-in-Limitation
BRIAN CHRISTOPHER AMBLE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In the matter of the Complaint of<br><br>BRIAN CHRISTOPHER AMBLE as the alleged owner of a certain 1971 Far East Mariner 40 bearing hull identification number GM82 and her engines, tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, liability. | Case No. 3:20-cv-3713<br>*ADMIRALTY*<br><br>**Complaint in Admiralty for Exoneration from, or Limitation of, Liability**<br><br>[46 U.S.C. §§ 30501 *et seq.* (2006)] |

BRIAN CHRISTOPHER AMBLE has been alleged to be the owner of a certain 1971 Far East Mariner 40 bearing hull identification number GM82 and her engines, tackle, appurtenances, etc. (the "Vessel") and therefore hereby petitions the Court for exoneration from, or limitation of, liability, civil and maritime, pursuant to the Limitation of Shipowner's Liability Act, 46 U.S.C. §§ 30501 *et seq.* (2006) (the "Act"),[1] alleging as follows:

## **JURISDICTION**

1.   This is an action for exoneration from, or limitation of, liability pursuant to the Act. It is an admiralty and maritime claim within the meaning of Rules 9(h) and 38(e) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule F"), and it is within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333(1).

---

[1] Formerly codified at 46 U.S.C. App. §§ 181 *et seq.*

## VENUE

2. Plaintiff-in-Limitation is informed and believes that the Vessel is not in any judicial district and that it has not been arrested or attached to answer for any claim with respect to which he seeks exoneration from, or limitation of liability. Plaintiff-in-Limitation has not been sued for any such claim. Therefore, pursuant to Supplemental Rule F(9) venue is appropriate in any judicial district.

3. Plaintiff-in-Limitation; Jessica Plante, who is the current and actual owner of the Vessel; and Aaron Horton each reside in the Northern District of California, and the fire that is the subject of this action occurred there. Therefore, the Northern District of California is the most convenient venue for this action.

## INTRADISTRICT ASSIGNMENT

4. Pursuant to Civil L.R. 3-2(c)-(d), assignment to the San Francisco Division is proper because the fire that is the subject of this action occurred in San Mateo County.

## PETITION

5. Plaintiff-in-Limitation is an individual who at all material times resided in the State of California in the Northern District of California and continues to reside there.

6. The Vessel was a 1971 Far East Mariner 40 recreational vessel bearing California hull identification number GM82.

7. Plaintiff-in-Limitation actually owned the Vessel from 2014 until October 3, 2018, when he sold it to current owner Jessica Plante for $10,000, providing her with a signed bill of sale and a signed certificate of title (aka "pink slip").

8. Jessica Plante alleges that Plaintiff-in-Limitation still owns the Vessel and owned it on the date of the fire that is the subject of this action.

9. Plaintiff-in-Limitation expressly and vigorously denies and contests that any allegation that he owned the Vessel after the sale, since he did not retain any interest in, dominion over, or possession of the Vessel after October 3, 2018.

10. Jessica Plante has asserted claims against Plaintiff-in-Limitation for injuries, losses, and damages stemming from acts or omissions she alleges Plaintiff-in-Limitation

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP

12011 San Vicente Blvd. #600
Los Angeles, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

1  committed as owner of the Vessel, both during his period of actual ownership and during his
2  alleged ownership after she purchased the Vessel from him.

3  11. Although Jessica Plante now owns the Vessel and owned it on the date of the fire
4  that is the subject of this action, Plaintiff-in-Limitation is entitled to petition for exoneration from,
5  or limitation of, liability under the Act because Jessica Plante asserts Plaintiff-in-Limitation is
6  liable for acts or omissions that allegedly occurred while he actually owned the Vessel.

7  12. Although Jessica Plante now owns the Vessel, Plaintiff-in-Limitation is also
8  entitled to petition for exoneration from, or limitation of, liability under the Act because Jessica
9  Plante asserts Plaintiff-in-Limitation is liable as owner of the Vessel for acts or omissions that
10 allegedly occurred after he sold the Vessel to her.

11 13. At all material times up to and including November 19, 2018, the Vessel was
12 located on the navigable waters of the United States in the area of San Francisco Bay, specifically
13 in the Docktown Marina in Redwood City, San Mateo County, California—all of which are in
14 the Northern District of California.

15 14. At all times during Plaintiff-in-Limitation's actual ownership of the Vessel,
16 Plaintiff-in-Limitation exercised due diligence to make the Vessel seaworthy and safe. It was
17 staunch, tight, strong, properly manned, equipped, supplied, and operated, and in all respects
18 seaworthy and fit for the operational service for which it was engaged on the navigable waters of
19 the United States in the area of San Francisco Bay.

20 15. Plaintiff-in-Limitation is informed and believes that Jessica Plante and Aaron
21 Horton each resided on board the Vessel after Jessica Plante purchased it.

22 16. Plaintiff-in-Limitation is informed and believes that after purchasing the Vessel
23 Jessica Plante, with the assistance of Aaron Horton, performed a great deal of work on the Vessel,
24 including but not limited to removing some electrical wiring.

25 17. Shortly before 2:46 a.m., November 19, 2018, the Vessel caught fire (the "Fire").
26 18. Jessica Plante and Aaron Horton were each on board the Vessel and were each
27 injured in the Fire.
28 19. The Vessel sustained significant damage in the Fire.

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
12011 San Vicente Blvd. #600
Los Angeles, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

20. A survey conducted after the Fire determined that the Vessel had no fair market value after the Fire.

21. Plaintiff-in-Limitation is informed and believes Dockwood Marina disposed of the Vessel sometime after February 1, 2019; consequently, the Vessel no longer exists and is not in any judicial district.

22. The Fire and any consequent injury, death, loss, and damage were done, occasioned, or incurred without any fault or neglect on the part of Plaintiff-in-Limitation or anyone for whom he may be responsible.

23. The Fire and any consequent injury, death, loss, and damage were done, occasioned, or incurred without the privity or knowledge of Plaintiff-in-Limitation or anyone for whom he may be responsible.

24. The Fire and any consequent injury, death, loss, and damage were solely and proximately caused by the acts or omissions of others. Plaintiff-in-Limitation is informed and believes that those causes may include, but are not limited to the following:

   a. The Fire may have been caused by the negligence of the Vessel's occupants, such as smoking in bed, failing to turn off an electric frying pan after use, making improper electrical repairs, improperly using the installed wood stove or propane stove and oven, or improperly storing flammable materials.

   b. The Fire may have been started by a troubled resident of the Dockwood Marina who reported an unsubstantiated second fire within minutes of the Fire and who is associated with a number of other middle-of-the-night incidents in the Marina in November 2018, including the unsubstantiated report and another incident that night.

25. Plaintiff-in-Limitation has valid, absolute, and real defenses to any and all alleged liability arising out of the Fire on the facts and under admiralty and maritime law.

26. Jessica Plante has asserted a claim against Plaintiff-in-Limitation for the injuries, losses, and damages she sustained as a result of the Fire.

27. Plaintiff-in-Limitation believes Aaron Horton may assert a claim against Plaintiff-in-Limitation for the injuries, losses, and damages Aaron Horton sustained as a result of the Fire.

28. Plaintiff-in-Limitation believes that other claims may be made, and that other actions or proceedings may be commenced against him by individuals or entities claiming to have sustained injuries, deaths, losses, or damages arising out of, resulting from, or in any manner connected with the Fire.

29. So far as Plaintiff-in-Limitation now knows, there were no demands, unsatisfied lines, or claims of liens against Plaintiff-in-Limitation or the Vessel at the time he sold it to Jessica Plante.

30. Six months have not elapsed since Plaintiff-in-Limitation received the first written notice of any claim arising out of, resulting from, or in any manner connected with the Fire.

31. At the present time, Plaintiff-in-Limitation does not know the amount of the claims that have been made or may be made for the injuries, deaths, losses, and damages that may have been sustained in the Fire.

32. The claim asserted by Jessica Plante seeks to hold Plaintiff-in-Limitation liable for acts or omissions that allegedly occurred while Plaintiff-in-Limitation was the actual owner of the Vessel. It also seeks to hold Plaintiff-in-Limitation liable as owner of the Vessel for acts or omissions that allegedly occurred after he sold the Vessel to her.

33. Jessica Plante and Aaron Horton each resided at Dockwood Marina before Jessica Plante purchased the Vessel and each continued to reside there until the Fire.

34. Plaintiff-in-Limitation is informed and believes that Jessica Plante and Aaron Horton each continued to reside in the Northern District of California after the Fire and continue to reside there.

35. While not in any manner admitting liability for any injuries, deaths, losses, or damages that any claimant or representative might allege to have sustained as a result of the Fire, and hereby expressing the desire to contest liability, Plaintiff-in-Limitation desires first to be completely exonerated from any and all such liability and, in the alternative if not exonerated, to limit his liability for all such injuries, deaths, losses, or damages and for any and all claims for such liability to his interest in the Vessel, which at the time of sale was $10,000. The Vessel had no pending freight at the time of sale.

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP

12011 San Vicente Blvd. #600
Los Angeles, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

36. The Vessel was rendered worthless as a result of the Fire and had no value whatsoever from and after its occurrence. The value of any wreckage, strippings, or proceeds of the Vessel was nothing, and the Vessel had no pending freight at the time of the Fire. Plaintiff-in-Limitation had no interest in the Vessel when the Fire occurred; therefore, the value of his interest following the Fire was nothing.

37. Plaintiff-in-Limitation hereby claims the benefits of exoneration from, or limitation of, liability provided for in the Act, as amended and recodified and as supplemented by the applicable Supplemental Rules and Local Rules of Practice in Admiralty and Maritime Claims before the United States District Court for the Northern District of California regarding proceedings under the Act. Plaintiff-in-Limitation also claims the benefit of each other federal, state, and local law to which he may be entitled, whether or not named herein.

38. Plaintiff-in-Limitation's interest in the Vessel at the time he sold it to Jessica Plante was $10,000. Plaintiff-in-Limitation anticipates that amount to be substantially less than the amount that will be claimed for injuries, deaths, losses, and damages arising from the Fire.

39. In accordance with Section 30511(b) of the Act, Supplemental Rule F(1), and Local Admiralty Rule 5-1, Plaintiff-in-Limitation offers a stipulation with sufficient surety for the payment into Court of the amount of value of Plaintiff's interest in the Vessel at the time of sale, which was $10,000, and pending freight, which was nothing, together with interest thereon at the legal rate of 6% per annum and $1,000 in costs, in the form of a Letter of Undertaking.

## **PRAYER FOR RELIEF**

40. Plaintiff-in-Limitation prays:

a) That the Court, in accordance with Supplemental Rules F(4) and (5), enter an order directing the issuance of a monition out of and under the seal of this Court to all individuals and entities asserting any claim with respect to which this Complaint seeks exoneration from, or limitation of, liability, admonishing them to appear and answer the allegations of this Complaint, and to file their claims, with the Clerk of this Court and to serve a copy thereof on the attorneys for Plaintiff-in-Limitation on or before a date to be fixed by the Court in the order, or be deemed in contumacy and default;

-6-
Complaint in Admiralty for Exoneration from, or Limitation of, Liability    3:20-cv-3713

1          b)        That the Court, in accordance with Supplemental Rules F(4) and (5) and Local Civil Rule 77-4, enter an order executing the monition by commanding Plaintiff-in-Limitation to publish notice thereof in such newspaper(s) as the Court may direct, once a week for four successive weeks prior to the date fixed by the Court for the filing of such claims and to serve the notice by mail on all known claimants by the second date of publication, and deeming such publication and service to constitute due notice to all individuals and entities asserting claims with respect to which this Complaint seeks exoneration from, or limitation of, liability;

        c)        That the Court, upon issuance of the monition and in accordance with Section 30511(c) of the Act and Supplemental Rule F(3), enter an order restraining the commencement and further prosecution of any claims, actions, or proceedings against Plaintiff-in-Limitation or his property related to the claims with respect to which the Complaint seeks exoneration from, or limitation of liability;

        d)        That the Court, in accordance with Supplemental Rule F(2), permit Plaintiff-in-Limitation to contest his liability, if any, for any injuries, deaths, losses, or damages arising out of, resulting from, or in any manner connected with the Fire and adjudge him to be completely exonerated from such liability;

        e)        That the Court, in the event it finds Plaintiff-in-Limitation liable for any such injuries, deaths, losses, or damages and in accordance with Section 30505 of the Act, adjudge that such liability shall in no case exceed Plaintiff-in-Limitation's interest in the Vessel and issue a decree discharging him from any further liability beyond that amount; and

        f)        That the Court grant Plaintiff-in-Limitation such other and further relief as it may deem just and proper under the circumstances.

Dated: June 5, 2020

        COX, WOOTTON, LERNER,
GRIFFIN & HANSEN, LLP

By:   /s/ Neil S. Lerner
      Neil S. Lerner
      Arthur A. Severance
      Attorneys for Plaintiff-in-Limitation
      BRIAN CHRISTOPHER AMBLE

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP

12011 San Vicente Blvd. #600
Los Angeles, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

-7-
Complaint in Admiralty for Exoneration from, or Limitation of, Liability    3:20-cv-3713