Nicholas J. Neidzwski, CSB #273020
nick@boatlaw.com
ANDERSON CAREY WILLIAMS & NEIDZWSKI
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
Telephone:   360-671-6711
Facsimile:    360-647-2943
Attorneys for Claimant/Respondent
AARON HORTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BRIAN CHRISTOPHER AMBLE AS THE ALLEGED OWNER OF A CERTAIN 1971 FAR EAST MARINER 40 BEARING HULL IDENTIFICATION NUMBER GM82 AND HER ENGINES, TACKLE, APPURTENANCES, ETC. | CASE NO.:  3:20-CV-3713-WHA<br>*ADMIRALTY*<br><br>**SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION ACTION AND TO LIFT MONITION**<br><br>**Date:  December 17, 2020**<br>**Time: 8:00 a.m.**<br><br>**HON. WILLIAM ALSUP PRESIDING** |

### MOTION

PLEASE TAKE NOTICE that on Thursday, December 17, 2020, at 8:00 a.m., or as soon thereafter as the matter may be heard, Single Claimant/Respondent, Aaron Horton ("Claimant"), will, and hereby does, move

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION
ACTION AND TO LIFT MONITION
CASE NO.:  3:20-CV-3713-WHA

ANDERSON CAREY
WILLIAMS & NEIDZWSKI
21 Bellwether Way, Suite 104
Bellingham, Washington  98225
(360) 671-6711  -  Fax (360) 647-2943

for an Order Staying this Limitation Action and Lifting the Court's Monition of June 24, 2020 (Docket No. 15) so that Claimant can proceed in state court before a jury. The hearing on the Motion will take place in the United Stated District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Ave., San Francisco, CA 94102, before the Honorable William Alsup. The Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and is being made after attempts to meet and confer to resolve the issue have failed.

Claimant, Aaron Horton, seeks an Order from the Court that the stipulations attached as **Exhibit A** are sufficient to protect the right of Brian Christopher Amble (hereinafter "Plaintiff-in-Limitation") as the alleged owner of a certain 1971 Far East Mariner 40 bearing hull identification number GM82 and her engines, tackle, appurtenances, etc. to seek limitation, thereby allowing Claimant to pursue his claims in state court under the Saving to Suitors clause, 28 U.S.C. § 1333(1).

///

///

///

///

///

///

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION ACTION AND TO LIFT MONITION
CASE NO.: 3:20-CV-3713-WHA

ANDERSON CAREY
WILLIAMS & NEIDZWSKI
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

# TABLE OF CONTENTS

I.   STATEMENT OF ISSUES……………………………………………………01

II.  STATEMENT OF FACTS……………………………………………….....01

III. ARGUMENT AND AUTHORITY……………………………………………03

   A.   The Single Claimant Exception Applies to Mr. Horton's Claims. He is Entitled to Stipulate and Proceed in State Court……………………………………………………………………..03

        *Mr. Horton's Claims Fall Within the Single Claimant Exception*……………………………………………………..03

        *Jessica Plante's Absence Does Not Prevent Mr. Horton from Stipulating* ………………………………………………………05

   B.   Even Assuming, *arguendo*, that Ms. Plante's Hypothetical Claim Matters for Purposes of this Motion, Mr. Horton is still Permitted to Stipulate and Proceed in State Court Under the Multi-Claimant Exception…………………………………….07

IV.  CONCLUSION……………………………………………………...…10

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION
ACTION AND TO LIFT MONITION
CASE NO.: 3:20-CV-3713-WHA

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

# TABLE OF AUTHORITIES

*Beiswenger Enters. Corp. v. Carletta*,
    86 F.3d 1032 (11th Cir. 1996) ......................................................... 07,08

*Complaint of Dammers & Vanderhide & Scheepvaart Maats Christina B.V.*,
    836 F.2d 750 (2d Cir. 1988) ................................................................ 08

*Complaint of Mohawk Associates and Furlough*, Inc.,
    897 F. Supp. 906 (D. Md. 1995) ......................................................... 08

*Golnay Barge Co. v. M/T Shinoussa*,
    980 F.2d 349 (5th Cir. 1993) .............................................................. 06

*In re Campbell Transp. Co.*,
    2013 U.S. Dist. LEXIS 117992 (N.D.W. Va. Aug. 20, 2013) ............... 08

*In re Complaint of BSA*,
    1997 U.S. Dist. LEXIS 4401 (N.D. Cal. Feb. 12, 1997) ....................... 07

*In re Complaint of Pac. Mar. Freight, Inc.*,
    316 F. Supp. 3d 1214 (S.D. Cal. 2018) ............................................... 05

*In re Garvey Marine*,
    909 F. Supp. 560, 567 (N.D. Ill. 1995) .......................................... 08,09

*In re Illinois Marine Towing, Inc.*,
    498 F.3d 645 (7th Cir. 2007) .............................................................. 07

*In re Reicon Grp., LLC*,
    2013 U.S. Dist. LEXIS 14320 (S.D.N.Y. Jan. 22, 2013) ...................... 09

*In re Spirit Cruises*,
    2011 U.S. Dist. LEXIS 52263 (N.D. Ill. May 12, 2011) ...................... 09

*Lewis v. Lewis & Clark Marine, Inc.*,
    531 U.S. 438 (2001) .............................................................. 03,04,05

*Matter of Deng*,
    2014 U.S. Dist. LEXIS 46997 (N.D. Cal. Apr. 3, 2014)(Alsup, W.) ... 06

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION
ACTION AND TO LIFT MONITION
CASE NO.: 3:20-CV-3713-WHA

**ANDERSON CAREY
WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

*Meyer v. New England Fish Co. of Oregon*,
    136 F.2d 315 (9th Cir.1943) ................................................................... 05

*S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*,
    678 F.2d 636 (6th Cir. 1982) ................................................................. 08

*Tex. Gulf Sulphur Co. v. Blue Stack Towing Co.*,
    313 F.2d 359 (5th Cir. 1963) ................................................................. 06

*Texaco, Inc. v. Williams*,
    47 F.3d 765 (5th Cir. 1995) .................................................................. 07

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION
ACTION AND TO LIFT MONITION
CASE NO.: 3:20-CV-3713-WHA

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711  -  Fax (360) 647-2943

I.   **STATEMENT OF ISSUES**

**1.** Whether the stipulations attached as **Exhibit A** are sufficient to protect the right of Brian Christopher Amble ("Plaintiff-in-Limitation") to seek limitation. **Answer**: Yes

**2**. Whether the Single Claimant Exception applies to Aaron Horton's ("Claimant's") Claims, thereby allowing Claimant to stipulate and proceed in State Court under the Saving to Suitors clause, 28 U.S.C. § 1333(1). **Answer**: Yes.

II.   **STATEMENT OF FACTS**

On June 6, 2020, a Complaint was filed by Plaintiff-in-Limitation seeking exoneration from, or limitation of, liability for any losses, injuries, and/or damages occasioned as a result of a fire incident involving the Vessel on or about November 19, 2018 at the Dockwood Marina. (Dkt. 1).

Under Rule F(1), on July 24, 2020, this Court ordered all persons asserting claims with respect to injuries, losses, and/or damages to file their claims with the Court by August 11, 2020. (Dkt. 15).  Between July 2 and July 23, 2020, Plaintiff-in-Limitation gave public notice by publishing a "Notice of Complaint in Admiralty for Exoneration From, or Limitation of, Liability" in the *San Francisco Daily Journal*, in compliance with Rule F(4). (Dkt. 21).  Claimant, Aaron Horton, filed his Answer and Claims on August 10, 2020. (Dkt. 23).  No other claimant has filed an answer and/or claim.  Plaintiff-in-Limitation's Application to Clerk for Entry of Default (Dkt. 26) was granted on August 24, 2020, and the Clerk

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION ACTION AND TO LIFT MONITION
CASE NO.:  3:20-CV-3713-WHA
PAGE - 1

**ANDERSON CAREY**
**WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington  98225
(360) 671-6711  -  Fax (360) 647-2943

entered default as to "Jessica Plante, and all other possible claimants, known or unknown, who did not file and serve their claims and answers on or before August 11, 2020". (Dkt. 27).

To date, no other claim has been asserted in this Limitation Action and the time to do so has expired. Consequently, Claimant should be permitted to pursue his claims against Plaintiff-in-Limitation in state court before a jury of his peers, under the Saving to Suitors clause, 28 U.S.C. § 1333(1), after adequately stipulating to protect Plaintiff-in-Limitation's right to seek limitation of liability in these proceedings.

As Jessica Plante failed to timely appear in these proceedings and make a claim, the Parties conferred in an attempt to agree on an adequate stipulation. Plaintiff-in-Limitation contends that the primary obstacle to an agreement has been the "immediate possibility" that Ms. Plante may appear to answer the third-party complaint and seek relief from default, which threatens to transform this proceeding from a single-claimant into a multi-claimant proceeding. (Dkt. 37, ¶10). Claimant continues to assert that this a single-claimant case because no other claims have been made and the time to do so has expired. While Claimant would be permitted to stay this limitation and proceed in state court even under a multi-claimant exception if Ms. Plante were to appear and make a late claim (Dkt. 37, ¶10), Claimant should not be expected to do so based on a hypothetical situation.

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION ACTION AND TO LIFT MONITION
CASE NO.: 3:20-CV-3713-WHA
PAGE - 2

ANDERSON CAREY
WILLIAMS & NEIDZWSKI
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

In an effort to alleviate the alleged ambiguity of Ms. Plante's potential claim that concerns Plaintiff-in-Limitation, the Parties requested an additional ninety (90) days for Plaintiff-in-Limitation to find Ms. Plante and personally serve her before Claimant filed this Motion. (Dkt. 37).

On October 28, 2020, the Court ordered to extend the October 29, 2020 deadline for Claimant's Motion to Stay to November 12, 2020 at noon. (Dkt. 38).

## III.    ARGUMENT

### A.    The Single Claimant Exception Applies to Mr. Horton's Claims. He is Entitled to Stipulate and Proceed in State Court.

*Mr. Horton's Claims Fall Within the Single Claimant Exception*

Under 28 U.S.C. § 1333(1), "Federal Courts have exclusive jurisdiction over admiralty and maritime claims." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 440 (2001). Admiralty and maritime law includes all sorts of rights, duties, rules, and procedures, including the "Limitation Act", which "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Id.* at 446. Under the Limitation Act, the court, sitting without a jury, adjudicates the claims by determining whether the vessel owner is liable and whether the owner may limit liability. *Id.* at 448.

While statutorily granting exclusive jurisdiction to federal courts over admiralty and maritime claims, § 1333(1) also "sav[es] to suitors in all cases all

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION ACTION AND TO LIFT MONITION
CASE NO.: 3:20-CV-3713-WHA
PAGE - 3

**ANDERSON CAREY WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711 - Fax (360) 647-2943

other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).  The Supreme Court has therefore recognized that "[s]ome tension exists between th[is] Saving to Suitors clause and the Limitation Act.  One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court." *Lewis*, 531 U.S. at 448.

To address the apparent tension between the Saving to Suitors clause and the federal courts' exclusive admiralty jurisdiction, the Supreme Court has held that the district court has "discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court." *Lewis,* 531 U.S. at 446. Before allowing a suitor to pursue claims in state court, the district court should be satisfied that "a vessel owner's right to seek limitation will be protected." *Id*.  One such way courts have generally permitted claimants to proceed with their claims in state court is where there is only a single claimant in the limitation action ("single claimant exception"). *Id*. at 451 (citations omitted).

Under the single claimant exception, dissolution of an injunction is proper where there is only one claimant, and the claimant:

(1) stipulates to the district court's exclusive jurisdiction to determine limitation of liability issues;

(2) waives any res judicata effect of any other court's decisions with respect to limitation issues; and

(3) in the event the district court finds the owner entitled to limit liability, agrees not to enforce against the owner any judgment rendered outside the limitation proceeding for damages

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION ACTION AND TO LIFT MONITION
CASE NO.: 3:20-CV-3713-WHA
PAGE - 4

**ANDERSON CAREY WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington  98225
(360) 671-6711  -  Fax (360) 647-2943

exceeding the value of the vessel and its pending freight or corresponding limitation fund.

*Lewis*, 531 U.S. at 452; *see*, *e.g.*, *In re Complaint of Pac. Mar. Freight, Inc.*, 316 F. Supp. 3d 1214, 1220 (S.D. Cal. 2018) ("Because the Court default[ed] all non-appearing claimants, the single claimant exception applies to this Action, thus compelling the Court to grant Claimant's motion to lift the previously issued injunction and stay this action."). There is only one claimant in this limitation action—Aaron Horton. All other non-appearing claimants are defaulted. (Dkt. 27). Under these circumstances, Mr. Horton has the right to proceed in state court under the Saving to Suitors clause. 28 U.S.C. § 1333.

Mr. Horton attaches here as **<u>Exhibit A</u>**, a stipulation which will allow him to pursue remedies in state court while also protecting vessel owner's rights to seek limited liability in these proceedings. The terms of this stipulation are consistent with other stipulations that have been deemed sufficient in this Circuit. *See, e.g.*, *In re Complaint of Pac. Mar. Freight, Inc.*, 316 F. Supp. 3d at 1220.

***Jessica Plante's Absence Does Not Prevent Mr. Horton from Stipulating***

Plaintiff-in-Limitation's concern about the appearance of Jessica Plante in these proceedings is misplaced. Ms. Plante did not file a timely claim and is now defaulted. That default should not be taken lightly.

"[T]he granting or withholding of permission to file claims after the expiration of the monition period is discretionary with the trial court." *Meyer v.*

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION ACTION AND TO LIFT MONITION
CASE NO.: 3:20-CV-3713-WHA
PAGE - 5

**ANDERSON CAREY WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington  98225
(360) 671-6711  -  Fax (360) 647-2943

*New England Fish Co. of Oregon*, 136 F.2d 315, 316 (9th Cir.1943).  "A tardy claim is not a matter of right.  It depends upon an equitable showing." *Tex. Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363 (5th Cir. 1963).  In determining whether to permit late claims, district courts consider:

>  (1) whether the proceeding is pending and undetermined,
>
>  (2) whether granting the motion will adversely affect the rights of the parties, and
>
>  (3) the claimant's reasons for filing late.

*Matter of Deng*, No. C 13-02659 WHA, 2014 U.S. Dist. LEXIS 46997, at *8 (N.D. Cal. Apr. 3, 2014) (Alsup, W.) (quoting *Golnay Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993)).

It has been 133 days since notice was published in the *San Francisco Daily Journal*, 94 days since Mr. Horton filed his Answer and Claim, and 80 days since default against Ms. Plante was entered by the Clerk.  Prejudice to the rights of the parties from a late claim by Ms. Plante grows every day while the justification for her hypothetical late response becomes more difficult to explain.  If Ms. Plante appears, seeks to set aside the default against her, and requests leave from the Court to file a late claim, the Court will consider the factors and make a determination.  But until then, Mr. Horton is a single claimant.  Plaintiff-in-Limitation's position—that Mr. Horton cannot stipulate in the absence of Ms.

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION ACTION AND TO LIFT MONITION
CASE NO.:  3:20-CV-3713-WHA
PAGE - 6

**ANDERSON CAREY WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington  98225
(360) 671-6711  -  Fax (360) 647-2943

Plante—could indefinitely and improperly deprive Mr. Horton of his right to proceed in state court under the Saving to Suitors clause.

**B.     Even Assuming, *arguendo*, that Ms. Plante's Hypothetical Claim Matters for Purposes of this Motion, Mr. Horton is Still Permitted to Stipulate and Proceed in State Court Under the Multi-Claimant Exception.**

Should the Court give credence to Plaintiff-in-Limitation's concern about a potential later claim by Ms. Plante, it can still permit Mr. Horton to stipulate and proceed in state court under the multi-claimant exception.

Multiple claimants may reduce their claims to the equivalent of a single claim by agreeing and stipulating as to the priority in which the claimants will receive satisfaction against the shipowner from the limited fund. *Texaco, Inc. v. Williams*, 47 F.3d 765, 767-768 (5th Cir. 1995).  Lower courts and circuit courts have commonly applied the single claimant exception to cases where multiple claimants entered stipulations that would prioritize claimants' claims in the limitation action thereby preventing exposure of the vessel owner to competing claims in excess of the limitation fund. *See In re Complaint of BSA*, No. C-93-2958 MHP, 1997 U.S. Dist. LEXIS 4401, at *11 (N.D. Cal. Feb. 12, 1997) ("Both parties agree that even in a multiple claimant situation, the limitation action may be stayed if sufficient stipulations are filed in order to cure the potential of ship owner liability above the value of the limitation fund"); *In re Illinois Marine Towing, Inc.*, 498 F.3d 645, 651 (7th Cir. 2007); *Beiswenger Enters. Corp. v.*

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION ACTION AND TO LIFT MONITION
CASE NO.:  3:20-CV-3713-WHA
PAGE - 7

ANDERSON CAREY
WILLIAMS & NEIDZWSKI
21 Bellwether Way, Suite 104
Bellingham, Washington  98225
(360) 671-6711  -  Fax (360) 647-2943

*Carletta*, 86 F.3d 1032 (11th Cir. 1996) (finding that multiple claimants may invoke the single claimant exception when the stipulations create the functional equivalent of a single claim situation); *Complaint of Dammers & Vanderhide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 756 (2d Cir. 1988) (finding that a priority stipulation granting a claimant's personal injury claim irrevocable priority over another claimant's loss of consortium claim sufficient to allow the claimants to proceed with their common law actions in other forums); *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 644 (6th Cir. 1982) (finding that the wife's loss of consortium claim did not present a separate claim because she stipulated that her husband's claims took priority over hers); *Complaint of Mohawk Associates and Furlough*, Inc., 897 F. Supp. 906, 911-912 (D. Md. 1995); *In re Campbell Transp. Co.*, Civil Action No. 5:12CV68, 2013 U.S. Dist. LEXIS 117992, at *8 (N.D.W. Va. Aug. 20, 2013); *In re Garvey Marine*, 909 F. Supp. 560, 567 (N.D. Ill. 1995).

If the Court determines that Ms. Plante's hypothetical claim is a factor in this limitation—which it is not—Mr. Horton can proceed in state court by stipulating that: (1) Ms. Plante's claim in the limitation has priority, and (2) in no event will he seek to enforce excess judgments against Plaintiff-in-Limitation until such time as there has been an adjudication of limitation of liability in this Court. *See Beiswenger*, 86 F.3d at 1043. Mr. Horton can provide such a stipulation to the Court as needed. However, doing so remains unnecessary.

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION
ACTION AND TO LIFT MONITION
CASE NO.:  3:20-CV-3713-WHA
PAGE - 8

**ANDERSON CAREY
WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington  98225
(360) 671-6711  -  Fax (360) 647-2943

Mr. Horton should not be expected to prioritize hypothetical claims. Consider *In re Spirit Cruises*, No. 10-cv-5438, 2011 U.S. Dist. LEXIS 52263, 2011 WL 1838918 (N.D. Ill. May 12, 2011).  In that case, the vessel owner argued that there existed a "<u>potential</u> set of circumstances in which [the vessel owner] could be held liable in excess of the limitation fund due to indemnification or contribution demands by <u>potential</u> third parties." *Id*. (emphasis added).  Rejecting vessel owner's argument, the court reasoned that the claimant should not be "expected to prioritize claims when no such claims exist." *Id*.  The court further noted that if such potential claims were actually filed and the district court continued to hold that limitation of liability was proper, it could simply request that the claimant add a stipulation concerning priority. *Id*.; *see also In re Reicon Grp., LLC*, 2013 U.S. Dist. LEXIS 14320, at *7-8 (S.D.N.Y. Jan. 22, 2013); *In re Garvey Marine*, 909 F. Supp. at 567.

The same is true in this case.  It would be unreasonable to expect Mr. Horton to give priority to Ms. Plante's hypothetical claims.  He is the sole claimant in this limitation action and whatever competing claims that may have existed are now defaulted.  But even if Ms. Plante were to appear and be granted permission to file a late claim, the Court is not powerless to remedy the situation. Mr. Horton could be called back before the district court and asked to add a stipulation concerning priority of Ms. Plante's claim.  In the interim, Mr. Horton should be permitted to exercise his rights under the Saving to Suitors clause.

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION ACTION AND TO LIFT MONITION
CASE NO.:  3:20-CV-3713-WHA
PAGE - 9

**ANDERSON CAREY WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington  98225
(360) 671-6711  -  Fax (360) 647-2943

## IV. CONCLUSION

93 days have passed since the August 11, 2020, deadline set by the Court to file claims. (Dkt. 15). 127 days have gone by since the Order Directing Monition to Issue and Restraining All Suits and other Limitation Action pleadings were served on Jessica Plante by mail. (Dkt. 17). 80 days have gone by since the Court's August 24, 2020, Notice of Entry of Default against "Jessica Plante, and all other possible claimants, known and unknown…." (Dkt. 27).

Ms. Plante has still not attempted to appear or make a claim. Mr. Horton remains a single claimant. All governing authority consistently supports that Mr. Horton can stay this Limitation Action, lift the Court's Monition, and proceed in state court since the requisite stipulation has been satisfied.

DATED this 12th day of November, 2020.

ANDERSON CAREY WILLIAMS & NEIDZWSKI

 /s/ Nicholas Neidzwski
Nicholas Neidzwski, CSB #273020
21 Bellwether Way, Suite 104
Bellingham, WA 98225
Telephone:   360-671-6711
Fax:   360-647-2943
E-mail:  nick@boatlaw.com
Attorneys Claimant/Respondent
AARON HORTON

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION ACTION AND TO LIFT MONITION
CASE NO.:  3:20-CV-3713-WHA
PAGE - 10

**ANDERSON CAREY WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington  98225
(360) 671-6711  -  Fax (360) 647-2943

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November, 2020, I served the preceding document to the below addressees via the Court's ECF system and by the additional methods indicated below:

| | |
|---|---|
| **COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP** <br> Neil S. Lerner (SBN 134031) <br> Arthur A. Severance (SBN 246691) <br> 12011 San Vicente Blvd., Suite 600 <br> Los Angeles, CA 90049 <br> Telephone: (310) 440-0020 <br> Facsimile: (310) 440-0015 <br> Email: nsl@cwlfirm.com <br> aseverance@cwlfirm.com <br> Attorneys for Plaintiff-in-Limitation <br> BRIAN CHRISTOPHER AMBLE | [X] E-Mail <br> [ ] Facsimile <br> [ ] U.S. Mail <br> [ ] Hand Delivery |

ANDERSON CAREY WILLIAMS & NEIDZWSKI

*Cher A. Raske*

Cher A. Raske, Paralegal
cher@boatlaw.com

SINGLE CLAIMANT AARON HORTON'S MOTION TO STAY LIMITATION ACTION AND TO LIFT MONITION
CASE NO.: 3:20-CV-3713-WHA
PAGE - 11

**ANDERSON CAREY WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington 98225
(360) 671-6711  -  Fax (360) 647-2943