COX, WOOTTON, LERNER,
GRIFFIN & HANSEN, LLP
Neil S. Lerner (SBN 134031)
Arthur A. Severance (SBN 246691)
12011 San Vicente Blvd., Suite 600
Los Angeles, CA 90049
Telephone: (310) 440-0020
Facsimile: (310) 440-0015
Email: nsl@cwlfirm.com
　　　　aseverance@cwlfirm.com

Attorneys for Plaintiff-in-Limitation and
Third-Party Plaintiff
BRIAN CHRISTOPHER AMBLE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In the matter of the Complaint of<br><br>BRIAN CHRISTOPHER AMBLE as the alleged owner of a certain 1971 Far East Mariner 40 bearing hull identification number GM82 and her engines, tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, liability. | Case No. 3:20-cv-03713-WHA<br>*ADMIRALTY*<br><br>**Stipulation to Extend Time**<br><br>[Fed. R. Civ. P. 6(b)(1)(B); Civil L.R. 6-1(a)] |
| BRIAN CHRISTOPHER AMBLE,<br>　　　Third-Party Plaintiff,<br>v.<br>JESSICA PLANTE,<br>　　　Third-Party Defendant. | |

Plaintiff-in-Limitation and Third-Party Plaintiff BRIAN CHRISTOPHER AMBLE ("Mr. Amble"), by and through his undersigned counsel, and potential claimant and Third-Party Defendant JESSICA PLANTE ("Ms. Plante"), *in pro per*, hereby stipulate as follows:

///

///

1. On June 5, 2020, Mr. Amble filed a Complaint in Admiralty for Exoneration from, or Limitation of, Liability ("Complaint" or "Limitation Complaint") under the Limitation of Shipowner's Liability Act (the "Act"), 46 U.S.C. §§ 30501 *et seq.*

2. On June 24, 2020, the Court issued orders "admonish[ing] all individuals and entities asserting claims with respect to which the Complaint seeks exoneration from, or limitation of, liability to appear and answer the allegations of the Complaint, and to file their claims with the Clerk of the Court, on or before the 11th day of August 2020 . . . ." (Orders, ECF 15, 16.)

3. Mr. Amble caused notice of the Complaint to be published as directed by the Court and diligently attempted to serve the Limitation Complaint and notice of the limitation proceeding on Ms. Plante. (Serv. by Publication, ECF 21; *see* Certs. of Serv., ECF 17, 19-20, 22.)

4. However, Ms. Plante did not appear to answer the Limitation Complaint or file claims by the Court's deadline. (*See* Not. of Claims Made, ECF 24.) Therefore, the Clerk of the Court entered Ms. Plante's default on August 24, 2020. (*See* Clerk's Not. of Entry of Default, ECF 27.)

5. On September 28, 2020, pursuant to Rule 14(c) of the Federal Rules of Civil Procedure and the Court's order regarding the filing of additional claims (Minute Entry, ECF 33), Mr. Amble filed a Third-Party Complaint against Ms. Plante, asserting claims of equitable indemnity, contribution, and declaratory relief. (ECF 34.)

6. Pursuant to Rule 14(c)(2), Mr. Amble also demanded judgment in his favor against Ms. Plante on the claims asserted against Mr. Amble by Claimant Aaron Horton in his Answer, Affirmative Defenses, and Claims (ECF 23).

7. Mr. Amble's private investigator had difficulty locating Ms. Plante and only found her on November 11, 2020. (Decl. of Arthur A. Severance Ex. C, ECF 42-4.)

8. Mr. Amble caused the Third-Party Complaint and the summons to be personally served on Ms. Plante on November 13, 2020. (Proof of Serv., ECF 40.)

///

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
12011 San Vicente Blvd. #600
Los Angeles, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

Stipulation to Extend Time           2           3:20-cv-03713-WHA

9. Mr. Amble also caused the Limitation Complaint and notice of the limitation proceeding to be personally served on Ms. Plante at the same time. (Cert. of Serv., ECF 41.)

10. Pursuant to Rules 12(a)(1)(A)(i) and 14(c)(2), Ms. Plante's response to Third-Party Complaint and Claimant Aaron Horton's claims was due 21 days later, on December 3, 2021.

11. Ms. Plante can still request relief from default and leave to file a late claim in order to make a claim in response to the Limitation Complaint. Courts freely grant such requests so long as the case is still pending, depending on the prejudice to the other parties. *See Alter Barge Line, Inc. v. Consolidated Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001); Fed. R. Civ. P. F(4).

12. Ms. Plante still wants to pursue a claim against Mr. Amble and his insurance.

13. Mr. Amble will not oppose a for relief from default and leave to file a late claim if Ms. Plante files it on or before January 8, 2021.

14. Ms. Plante is *in pro per* but is seeking to retain counsel to assist her in defending against the Third-Party Complaint, preparing a request for relief from default and leave to file a late claim, and preparing a proposed claim and answer in response to the Limitation Complaint.

15. Although Ms. Plante received the Third-Party Complaint and summons, as well as the Limitation Complaint on November 13, 2020, she did not understand until her deposition on December 2, 2020, that she needed to respond to the Third-Party Complaint by December 3, 2020, and that she needed to request relief from default and leave to file a late claim to preserve her claim against Mr. Amble.

16. Mr. Amble and Ms. Plante agree that although the time for Ms. Plante to respond to the Third-Party Complaint, Clamant Horton's claims, and the Limitation Complaint has expired, excusable neglect exists to justify extending the time to do so.

17. Due to the current public health crisis, the upcoming public holidays, and the fact that Ms. Plante desires time to find and retain an attorney and for that attorney to prepare the necessary responses, request, and proposed claim and answer, Mr. Amble and Ms. Plante have

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
12011 San Vicente Blvd. #600
Los Angeles, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

Stipulation to Extend Time     3     3:20-cv-03713-WHA

1 | agreed to an extension to January 8, 2021, for Ms. Plante to respond to the Third-Party Complaint and Claimant Horton's claims.

18. Ms. Plante has also agreed to file any request for relief from default and leave to file a late claim and her proposed claim and answer in response to the Limitation Complaint on or before January 8, 2021.

19. If Ms. Plante does not file a response to the Third-Party Complaint and/or Claimant Horton's claims on or before January 8, 2021, Mr. Amble will file a request for entry of default in the following week. Once the default is entered, Mr. Amble will promptly file an application for default judgment.

20. Furthermore, if Ms. Plante does not request relief from default and leave to file a late claim and file her proposed claim and answer in response to the Limitation Complaint on or before January 8, 2021, since Ms. Plante's default has already been entered, Mr. Amble will file an application for default judgment regarding the Limitation Complaint in the following week.

Dated: December 9, 2020

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP

By: /s/ Arthur A. Severance
Neil S. Lerner
Arthur A. Severance
Attorneys for Plaintiff-in-Limitation and Third-Party Plaintiff BRIAN CHRISTOPHER AMBLE

Dated: 12-11-2020

Jessica Amble, Third-Party Defendant, *in pro per*

# **CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 12011 San Vicente Boulevard, Suite 600, Los Angeles, California 90049.

On December 15, 2020, I caused the following documents:

**Stipulation to Extend Time**

to be served on **See Attached Service List**, by:

☐ **(BY FEDERAL EXPRESS)** I caused the above listed documents to be served by Federal Express on the interested parties in this action with delivery no later than _____.

☐ **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE)** I am responsible for service by facsimile to the above addresses.

☒ **(BY ECF)** I electronically served the referenced documents through CM/ECF. E-service in this action was completed on all parties listed on the service list registered with CM/ECF.

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 15, 2020, at Culver City, California.

_____
Arthur A. Severance

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
12011 San Vicente Blvd. #600
Los Angeles, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

-1-
Certificate of Service                                                Case No. 3:20-cv-3713-WHA

**SERVICE LIST**

*In the matter of the Complaint of BRIAN CHRISTOPHER AMBLE as the alleged owner of a certain 1971 Far East Mariner 40 bearing hull identification number GM82 and her engines, tackle, appurtenances, etc., For exoneration from, or limitation of, liability.*
Case No. 3:20-cv-3713-WHA

| | |
|---|---|
| Nicholas J. Neidzwski<br>Anderson, Carey, Williams, & Neidzwski, PLLC<br>21 Bellwether Way, Suite 104<br>Bellingham, Washington 98225-2961<br>Tel.:   (360) 671-6711<br>Fax:   (360) 647-2943<br>Email: nick@boatlaw.com | Attorneys for Claimant Aaron Horton |

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
12011 San Vicente Blvd. #600
Los Angeles, CA 90049
TEL: 310-440-0020
FAX: 310-440-0015

-2-
Certificate of Service                                                    Case No. 3:20-cv-3713-WHA