1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7

8                          NORTHERN DISTRICT OF CALIFORNIA

9

10   IN THE MATTER OF THE COMPLAINT
     OF BRIAN CHRISTOPHER AMBLE AS
11   THE ALLEGED OWNER OF A CERTAIN          No.  C 20-03713 WHA
     1971 FAR EAST MARINER 40 BEARING
12   HULL IDENTIFICATION NUMBER
     GM82 AND HER ENGINES, TACKLE,
13   APPURTENANCES, ETC.                     **ORDER DENYING CLAIMANT'S
                                             MOTION TO STAY AND VACATING
14                                           HEARING**

15

16        In this admiralty action brought under the Limitation of Vessel Owner's Liability Act, 46

17   U.S.C. §§ 181 *et seq*., claimant Aaron Horton moves to stay the limitation action and to

18   dissolve the anti-suit injunction so that he can pursue his claims against plaintiff-in-limitation

19   Brian Christopher Amble in state court.  For the following reasons, Horton's motion is **DENIED**

20   without prejudice.  The December 17 hearing is hereby **VACATED**.

21        Amble brought this action in admiralty under the Limitation Act for exoneration from, or

22   limitation of, liability (Dkt. No. 1).  According to his complaint, Jessica Plante purchased a

23   vessel from Amble in October 2018 (*id*. at ¶ 7).  Subsequently, in November 2018, a fire broke

24   out on that vessel while it was docked at the Dockwood Marina in Redwood City.  Plante and

25   Aaron Horton purportedly sustained injuries, as suggested by her subsequent letters to Amble

26   and his insurer.  Namely, Plante sent letters to Amble and his insurer claiming that Amble

27   remained the owner of the vessel at the time of the fire, and that she thereby sought

28

United States District Court
Northern District of California

1    compensation for her alleged injuries sustained in the fire (*see* Severance Decl. ¶ 3, Exh. A).

2    In response, in June 2020, Amble instituted this limitation action.

3         Following the procedure for limitation actions set forth in Supplemental Admiralty and

4    Maritime Claims Rule F, the undersigned approved an ex parte stipulation for value of the

5    vessel ($10,000), ordered that any claim related to the incident be filed herein by August 11,

6    2020, and enjoined the filing or prosecution of any suits related to the incident (Dkt. Nos. 14–

7    16).  Furthermore, consistent with Rule F(4), Amble was ordered to publish a "Notice of

8    Complaint in Admiralty for Exoneration From, or Limitation of, Liability" in the *San*

9    *Francisco Daily Journal* (Dkt. Nos. 14–16).  Amble made such publication between July 2 and

10   July 23.  Over and above this constructive notice, the undersigned required Amble to effect

11   actual notice and actually serve Horton and Plante (*e.g.*, known potential claimants), in order

12   give them notice of this limitation action and the ensuing August 11 deadline for filing claims

13   herein.

14        While Horton was successfully served — and filed a claim and an answer by the required

15   deadline — Plante was not.  Despite Amble's efforts (*see* Severance Decl. ¶¶ 5–6), Plante

16   could not be located in order to be personally served.  Apparently, since the fire, Plante has

17   changed abodes on multiple occasions (*id*. at ¶ 9, Exh. C).  In any event, the deadline for filing

18   claims came to pass and Plante did not file a claim herein.  Neither did any other potential

19   claimants.

20        Thereafter, upon Amble's application, our clerk entered Plante's default, as well as "all

21   other possible claimants, known and unknown, who did not file and serve their claims and

22   answers on or before August 11, 2020" (Dkt. No. 27).  Meanwhile, Amble filed a third-party

23   complaint herein against Plante, tendering the defense of Horton's claims on her and asserting

24   claims for indemnity, contribution, and declaratory relief (Dkt. No. 34).

25        At the initial case management conference, Horton's counsel suggested he would bring a

26   motion to stay this limitation action pursuant to the single-claimant exception under the

27   savings to suitors clause in 28 U.S.C. § 1333(1).  *See Lewis v. Lewis & Clark Marine, Inc.*, 531

28

United States District Court
Northern District of California

2

1    U.S. 438, 454 (2001) (courts "have generally permitted claimants to proceed with their claims

2    in state court where is only a single claimant").

3         Rather than give the parties a scheduling order, therefore, the undersigned set October 29

4    as the deadline for Horton to bring his motion to stay.  The parties then filed a joint motion

5    requesting extension of that deadline.  They represented that they were unable to reach a

6    stipulation regarding proceeding in state court under the single-claimant exception, because

7    Amble was concerned about the "immediate possibility that [] Plante may appear to answer the

8    third-party complaint and seek relief from default, which threatens to transform this proceeding

9    from a single-claimant into a multi-claimant proceeding" (Dkt. No. 37).  The parties thus

10   requested for an additional ninety days for Horton to bring his motion to stay, so that Amble,

11   through his private investigator, could locate and serve Plante with his complaints — the

12   limitation action complaint and his third-party complaint against her.  A prior order continued

13   the deadline but only to November 12 (Dkt. No. 38).

14        Accordingly, on November 12, Horton brought his current motion to stay the limitation

15   action and to lift the anti-suit injunction, so he could proceed against Amble in a state court.

16   Then, on November 13, Amble at last served Plante.  Pursuant to the Federal Rules of Civil

17   Procedure, Plante's responses were due on December 3.

18        The entire thrust of Horton's motion is that he should be able to invoke the single-

19   claimant exception because neither Plante or anyone else filed a claim herein.  But on

20   December 15, after the parties had already filed their briefs, Amble and Plante submitted a

21   joint stipulation wherein Plante (proceeding *pro se*) announces her intention to pursue a claim

22   against Amble and to retain counsel in order to effectuate her intent (Dkt. No. 46).  Amble

23   agrees not to oppose any request by her to set aside default and for leave to file a late claim, if

24   she does so on or before January 8, 2021.  Plante agrees to get the ball rolling by then.

25        Given Plante's announced intention and the possibility that good cause may exist to set

26   aside her default and allow her to file a late claim herein, and the fact that Horton's entire basis

27   for his motion is that he is a single-claimant, Horton's motion is **DENIED** without prejudice.

28   The December 17 hearing is hereby **VACATED**.

3

        Perhaps Horton and Plante — assuming she is allowed to assert a claim herein — will be

able to jointly enter appropriate stipulations that adequately protect Amble's right to seek

limitation of liability herein.  The Court implores all parties to avoid future delays.

        **IT IS SO ORDERED.**


Dated:  December 16, 2020.


                                            _____
                                            WILLIAM ALSUP
                                            UNITED STATES DISTRICT JUDGE