UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Complaint of<br><br>BRIAN CHRISTOPHER AMBLE as the alleged owner of a certain 1971 Far East Mariner 40 bearing hull identification number GM82 and her engines, tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, liability.<br><br>BRIAN CHRISTOPHER AMBLE,<br>        Third-Party Plaintiff,<br>   v.<br>JESSICA PLANTE,<br>        Third-Party Defendant. | No. 20-03713 WHA<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION** |

The parties are hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject-matter jurisdiction given petitioner Amble's refusal to admit ownership of the boat at the time of the fire in light of the following authorities: *American Car & Foundry Co. v. Brassert*, 289 U.S. 261 (1933); *Admiral Towing Co. v. Woolen*, 290 F.2d 641 (9th Cir. 1961); *Calkins v. Graham*, 667 F.2d 1292 (9th Cir. 1982); *Marine Recreational Opportunities, Inc. v. Berman*, 15 F.3d 270 (2nd Cir. 1994).

In *Admiral Towing Co.*, 290 F.2d at 645, our court of appeals held:

> [it is clear that] possession and control standing alone are insufficient to confer ownership. When, however, a mortgagee such as [petitioner] comes into possession and control of a vessel as the first step in a process which is to culminate uninterruptedly in his becoming the holder of legal title to her, we think he becomes an owner for purposes of limiting his liability. This for the reason that his relationship to the vessel is such as might reasonably afford grounds upon which a claim of liability for damages might be asserted against him, a claim predicated on his status as the person perhaps ultimately responsible for the vessel's maintenance and operation . . . .

In *Calkins v. Graham*, our court of appeals construed the final sentence quoted above from *Admiral Towing*. The Court of Appeals held:

> Although this contention may have had some merit while [petitioner] was in exclusive possession and control of the vessel . . . it does not apply to the situation as it existed at the time of the accident. When the accident occurred, [petitioner] no longer had possession or control of the vessel, nor was he responsible for its maintenance and operation . . . The circumstances which make one a 'likely target,' as in *Admiral Towing, supra*, 290 F.2d 641, must exist at the time of the accident or loss.

*Calkins*, 667 F.2d at 1294–95.

Under *Admiral Towing* and *Calkins*, an "owner" under the Limitation Act is one who, if not a titleholder to the vessel, must, at minimum, have possession or control of the vessel, or ultimate responsibility for the vessel's maintenance and operation; and one of those conditions must exist at the time of the accident or loss.

We are aware of only a single decision holding that a former owner who retained no interest whatsoever in the vessel at the time of the accident qualified as an "owner" under the Act: *In re The Trojan*, 167 F.Supp. 576 (N.D. Cal. 1958), *aff'd sub. nom. Todd Shipyards Corp. v. United States*, 274 F.2d 402 (9th Cir. 1960). The weight of *Todd Shipyards*, however, is undermined by the fact that it was a decision on an interlocutory appeal, and by the later decisions of *Admiral Towing* and *Calkins*.

Here, petitioner Amble expressly disclaims "any interest in, dominion over, or possession of" the boat at the time of the fire (Dkt. No. 1 at ¶ 9).

Under the authorities cited above, how is subject matter jurisdiction satisfied here?

The parties must file their responses by **MAY 11 AT NOON**.

**IT IS SO ORDERED.**

Dated: April 30, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE