UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In the matter of the Complaint of

BRIAN CHRISTOPHER AMBLE as the alleged owner of a certain 1971 Far East Mariner 40 bearing hull identification number GM82 and her engines, tackle, appurtenances, etc.,

For exoneration from, or limitation of, liability.

BRIAN CHRISTOPHER AMBLE,

    Third-Party Plaintiff,

        v.

JESSICA PLANTE,

    Third-Party Defendant.

No. 20-03713 WHA

**ORDER ENTERING DEFAULT JUDGMENT, STAYING THIS PROCEEDING, AND LIFTING RESTRAINT OF OTHER PROCEEDINGS, CONDITIONED UPON DISMISSAL OF THIRD-PARTY COMPLAINT.**

**INTRODUCTION**

In this admiralty law action, plaintiff-in-limitation seeks to limit his liability for a fire that occurred on a sailboat under the Limitation of Shipowner's Liability Act. The only claimant to have appeared and made a claim has stipulated to be able to litigate his claim in state court; the other claimant has failed to seek relief despite actual notice and several opportunities. Plaintiff-in-limitation moves for entry of default judgment against non-appearing claimants and

the parties move to stay this action and lift the restraint of other proceedings. To the following extent, the motions are **CONDITIONALLY GRANTED**, conditioned upon dismissal of the third-party complaint.

## STATEMENT

Brian Christopher Amble owned a certain 1971 Far East Mariner 40 bearing hull identification number GM82 until, he alleges, he sold it to Jessica Plante in October 2018. On November 19, 2018, the boat caught fire while moored in the Docktown Marina in Redwood City, California. Jessica Plante and claimant Aaron Horton were onboard and suffered severe injuries. The fire destroyed the boat, leaving it worthless. In December 2019, Plante sent letters to Amble and his insurer asserting that Amble owned the boat at the time of the fire and was liable for her injuries (Dkt. No. 42-2).

Amble then commenced this action by filing a complaint in admiralty for exoneration from, or limitation of, liability pursuant to the Limitation of Shipowner's Liability Act, 46 U.S.C. §§ 30501–30511, and Rule F. Limitation of Liability, of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule F"). As relevant, Amble alleges:

- He owned the boat from 2014 until October 3, 2018, when he sold the boat to Plante for $10,000;
- During the time he owned the boat he exercised due diligence to make it in all respects seaworthy and fit for the operational service for which it was engaged on the navigable waters of the United States in the area of San Francisco Bay;
- After he sold the boat to Plante, he retained no ownership or possession of it;
- On November 19, 2018, the boat caught fire;
- The fire destroyed the boat;
- The boat had no fair market value after the fire;
- The Docktown Marina disposed of the boat;
- The fire and any consequent injury, death, loss, and damage occurred without any fault or neglect on his part;

2

1
2
3
4
5
6
7
8
9

- The fire and any consequent injury, death, loss, and damage occurred without his privity or knowledge;
- The fire may have been caused by the negligence of Plante or Horton;
- Plante had asserted that he, Amble, owned the boat when it caught fire;
- Plante had asserted a claim against him based on acts or omissions he committed as owner of the boat;
- Without admitting liability, he seeks to be exonerated from any liability or, in the alternative, for his liability to be limited to the value of the boat when he sold it to Plante, $10,000.

Pursuant to Rule F(1), Amble deposited with the clerk $10,000, representing the sale price to Plante and any earned and pending freight at the time of its sale, plus six percent annual interest thereon, and $1,000 in costs (*see* Admir. & Mari. Local Rule 5-1), and he filed a letter of undertaking issued by his insurer as security therefor (Dkt. No. 5). He submitted a proposed notice of complaint in admiralty for exoneration from, or limitation of, liability, identifying the boat and the fire, stating that the limitation complaint had been filed, and admonishing anyone with claims arising out of the fire to file them with the clerk (Dkt. No. 6). The proposed notice of complaint left the deadline for claims to be filed blank, to be determined pursuant to Rule F(4).

On June 24, 2020, orders (1) approved the stipulation for value and costs (Dkt. No. 14); (2) gave notice of this proceeding and admonished anyone asserting any claim arising out of the fire to file their claims with the clerk of the court by August 11, 2020 or be in default (Dkt. No. 15); (3) restrained all other suits (*ibid.*); and (4) approved the proposed notice of complaint and inserted a deadline of August 11, 2020, and commanded Amble to mail the notice to every known claimant, and publish it in *The San Francisco Daily Journal* once in each week for the four successive weeks prior to August 11 (Dkt. No. 16).

Amble caused the notice to be published in the *San Francisco Daily Journal* on July 2, 9, 16, and 23 (Dkt. No. 21). Amble served the notice on the two known claimants by mail: Plante on July 8, 28, and August 4, at three different addresses and a P.O. Box (Dkt. Nos. 17,

3

20, 22), and Horton on July 8, 11 (Dkt. Nos. 17, 18). In addition, Amble caused the notice to be personally served on Plante on November 13 (Dkt. No. 41).

Horton timely filed an answer and claims, denied the allegations of the limitation complaint, and asserted claims for negligence and gross negligence and asserted his right to try his claims against Amble before a jury in state court (Dkt. No. 23). No other person filed a claim. On August 24, the clerk entered default on the limitation complaint against Plante and all other claimants who did not file claims by the August 11 deadline (Dkt. No. 27).

In September, Amble filed a third-party complaint against Plante for indemnity, contribution, and declaratory relief alleging that Plante is primarily responsible for the fire and Horton's injuries and seeking a judgment in favor of Horton against Plante on the claims Horton asserts against Amble (Dkt. No. 34).

On December 2, Plante was deposed by both counsel for Amble and Horton (Dkt. No. 60-1). As relevant, she testified that she received the limitation complaint and the notice in or about August or September, and by personal service on November 13; that she believed Amble is liable for her injuries; that she intended to pursue a claim against Amble's insurance, but she did not understand how to file a claim in this proceeding (*id.* at 23–24).

On December 11, Amble, through his counsel, and Plante, unrepresented, stipulated to extend the time for Plante to respond to Amble's third-party complaint to January 8, 2021 (Dkt. No. 46). Plante expressed a desire to find and retain an attorney and she agreed to request relief from her default on the limitation complaint by January 8 (*ibid.*). Amble and Plante further stipulated that if Plante did not assert her claims, Amble would apply for entry of default and default judgment on the third-party complaint and default judgment on the limitation complaint (*ibid.*). The clerk entered Plante's default on the third-party complaint on January 26 (Dkt. No. 50).

Amble and Horton stipulated that Amble would apply for entry of default judgment on the limitation complaint against Plante and all other non-appearing claimants which, if granted, would allow Horton to pursue his claims against Amble in state court under the single-claimant exception (Dkt. No. 53). Specifically, Amble and Horton stipulate (Dkt. No. 53-1):

4

- Horton waives any *res judicata* effect that any other court's decisions may have with respect to limitation issues;
- Horton will not enforce any judgment rendered outside this limitation proceeding against Amble, or any other liable party who may claim or cross-claim against Amble, to collect more than $10,000.00 in the aggregate until this Court determines whether Amble is entitled to limit his liability and, if so, the value of the limitation fund, which this Court has the exclusive jurisdiction to do;
- The restraint of any other proceedings asserting claims against Amble for which he seeks to limit his liability (Dkt. No. 15) be lifted only as to Horton;
- The restraint be automatically re-imposed if a late claim against Amble is permitted;
- This limitation proceeding remain stayed until a late claim is permitted, judgment is issued by another court on Horton's claims against Amble, or either of the parties requests that the stay of this proceeding be lifted.

Pursuant to the stipulation, Amble has applied for entry of default judgment on the limitation complaint against Plante and all non-appearing claimants (Dkt. No. 56).

A telephonic hearing on the application for default judgment was held on March 17. Plante appeared at the hearing and, *inter alia*, objected to being held liable for the harms arising out of the fire and stated that she had leased, not purchased, the boat from Amble. The Court gave Plante one last extension of time to file a claim. She was admonished to file her claim by noon on March 31 and she was further admonished that she must serve her claim on the other parties. Shortly before noon on March 31, Plante and Horton left a voice message recording with the clerk in which Plante simply identified herself and then Horton spoke and alleged in general terms that Amble's counsel was misleading the Court and engaged in misconduct and that it was wrong for Plante to have to defend against anything. Plante made no claims against Amble, she did not request her default be vacated or make any claims for relief at all.

In April, orders requested more information regarding, *inter alia*, ownership of the boat at the time of the fire. Horton's counsel informed us that Aaron Horton passed away on April 15 (Dkt. No. 79). The Court extended its condolence's to Horton's family and requested the parties file a joint statement regarding the further conduct of the case (Dkt. No. 80). The parties have agreed that Horton's mother, Jane Horton, will move to substitute in for claimant Horton in this case under FRCP 25(a)(1). Amble has agreed he will not oppose the motion (Dkt. No. 81 at ¶ 2). Amble has further agreed that when default judgment on the limitation complaint is entered against Plante, he will voluntarily dismiss the third-party complaint against Plante without prejudice under FRCP 41(c) (*id.* at ¶ 4).

On May 13, Amble filed a statement noting the death of claimant Horton and asserting that, pursuant to Rule 25(a)(1), if his successor did not make a motion to substitute within 90 days of service of the statement, Horton's claims against Amble must be dismissed.

Admiralty jurisdiction is satisfied here under *Sisson v. Ruby*, 497 U.S. 358 (1990).

## ANALYSIS

**1.   DEFAULT JUDGMENT ON THE LIMITATION COMPLAINT.**

"Congress passed the Limitation Act in 1851 'to encourage ship building and to induce capitalists to invest money in this branch of industry.'" *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001) (citation omitted). "The legislation was designed to induce the heavy financial commitments the shipping industry requires by mitigating the threat of a multitude of suits and the hazards of vast, unlimited liability as a result of a maritime disaster." *Maryland Casualty Co. v. Cushing*, 347 U.S. 409, 414 (1954). The Limitation Act is now codified at 46 U.S.C. §§ 30501–30511. [Merchant Marine Laws Codification], Pub. L. No. 109-304, § 6, 120 Stat. 1485, 1512–16 (2006). The operative provision is at § 30505, which provides that the liability of the owner of a boat for any claim arising from "any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner" is limited to "the value of the boat and pending freight." The Limitation Act applies to seagoing boats, including boats used only

for pleasure and not commercial purposes. 46 U.S.C. § 30502; *Gibboney v. Wright*, 517 F.2d 1054 (5th Cir. 1975).

Rule F provides the procedures for a limitation action. *Lewis & Clark Marine*, 531 U.S. at 448. The Federal Rules of Civil Procedure also apply to the extent they are consistent with Rule F. Suppl. Rule A(2).

As relevant, Rule F provides:

> **(1) Time for Filing Complaint; Security.** Not later than six months after receipt of a claim in writing, any boat owner may file a complaint in the appropriate district court, as provided in subdivision (9) of this rule, for limitation of liability pursuant to statute. The owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the boat and pending freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary . . . The plaintiff shall also give security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security.
>
> **(2) Complaint.** The complaint shall set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited. The complaint may demand exoneration from as well as limitation of liability. It shall state . . . whether the boat was damaged, lost, or abandoned, and, if so, when and where . . . the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are; and the amount of any pending freight recovered or recoverable. . . .
>
> \*        \*        \*
>
> **(4) Notice to Claimants.** Upon the owner's compliance with subdivision (1) of this rule the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim

7

> against the boat or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. . . .
>
> **(5) Claims and Answer.** Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. . . .

Here, Amble has complied with the relevant requirements of Rule F. Claimant Horton is the only one to have made a claim. The only other known claimant, Jessica Plante, has had actual notice of this proceeding at least since November; she has been given several opportunities to file a claim; at the March 17 hearing, she was given an additional two weeks to file something. The Court has tried hard to give her every opportunity. The Court has even tried to get her a pro bono lawyer, but she cannot be found. At long last, the Court sees no alternative but to enter default judgment against her.

Therefore, default judgment on the limitation complaint is **CONDITIONALLY ENTERED** against Jessica Plante and all other non-appearing claimants, conditioned upon Amble dismissing the third-party complaint against Plante.

2. **STAY OF THE LIMITATION PROCEEDING AND LIFTING THE INJUNCTION UNDER THE SINGLE-CLAIMANT EXCEPTION.**

"Federal courts have exclusive jurisdiction over admiralty and maritime claims, but the jurisdictional statute 'sav[es] to suitors in all cases all other remedies to which they are otherwise entitled.'" *Lewis & Clark Marine*, 531 U.S. at 440 (quoting 28 U.S.C. § 1333(1)). "Some tension exists between the saving to suitors clause and the Limitation Act. One statute gives suitors the right to a choice of remedies, and the other statute gives boat owners the right to seek limitation of liability in federal court." *Id.* at 448.

To resolve this tension, the courts have recognized two exceptions to exclusive federal jurisdiction where the Limitation Act is involved. *See id.* at 451. Under the single-claimant exception, a single claimant may pursue his common law claims against the shipowner in state court if the claimant makes sufficient stipulations to protect the shipowner's rights under the Limitation Act. *Ibid.* A shipowner's rights to limit liability are protected where (1) the claimant stipulates that his claim does not exceed the limitation fund, (2) waives any defense of

8

*res judicata* with respect to limitation of liability, and (3) the district court stays the limitation proceeding but retains jurisdiction pending state court proceedings. *Id.* at 452.

Because default judgment will be entered against all claimants except Horton, Horton qualifies as a single claimant. The stipulations offered are sufficient to protect the rights of Amble under the Limitation Act.

Therefore, the joint motion to stay this action and lift the restraint against others is **CONDITIONALLY GRANTED**, conditioned upon dismissal of the third-party complaint. The restraint of other proceedings (Dkt. No. 15) is lifted only to allow litigation of Horton's claims against Amble; it remains in place as to any other claims. This limitation action **SHALL BE HELD IN ABEYANCE** until such time as a late claim is permitted and pending the contemplated state court proceedings.

The stay does not affect the obligation of Jane Horton, or any other proper party, to move to substitute in for claimant Horton in this action within 90 days of May 13 (*see* Dkt. No. 85). Amble has agreed the motion will be unopposed (Dkt. No. 81 at ¶ 2).

## CONCLUSION

Therefore, default judgment on the limitation complaint is **CONDITIONALLY ENTERED** in favor Brian Christopher Amble against all but Aaron Horton, **CONDITIONED UPON DISMISSAL OF THE THIRD-PARTY COMPLAINT**. This order shall take effect upon dismissal of the third-party complaint.

The joint motion to stay this limitation proceeding and lift the restraint of other proceedings is **GRANTED** upon the same condition.

The parties shall commence and complete the contemplated state court trial **WITHIN ONE YEAR OF THIS ORDER**.

The parties shall continually apprise the Court of the status of that action.

**IT IS SO ORDERED.**

Dated: May 25, 2021

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE